UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-11061-RGS

SHARIF HOLMES

v.

STEPHEN SPAULDING, Warden

ORDER

June 5, 2020

On June 4, 2020, Sherif Holmes, a federal inmate incarcerated at the FMC Devens, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, an emergency motion seeking release to home confinement and a motion for leave to proceed *in forma pauperis*. Petitioner is serving a 180-month sentence imposed by the United States District Court for the Eastern District of New York on October 10, 2010 in *United States v. Holmes*, No. 09-cr-00756-GBA. He alleges that his release date is May 2022 and he has served almost 85% of his sentence. The petition challenges prison conditions at FMC Devens in light of the COVID-19 pandemic. In the emergency motion, Holmes states that he is a 43-year-old African American man who suffers from a chronic heart condition (arrythmia). Holmes states that his request for transfer to home confinement for compassionate release under

18 U.S.C. § 3582(c)(1)(A) was denied by Warden Spaulding on May 22, 2020. Petitioner asserts that his continued incarceration violates the Eighth Amendment and the CARES Act because FMC Devens has instituted insufficient safety measures. He seeks immediate release on the basis that his life allegedly is endangered by his continued incarceration due to the ongoing COVID-19 pandemic.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas proceedings); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

To the extent the petition relies on the CARES Act, this law cannot serve as a basis for this habeas action. The CARES Act "does not mandate home confinement for any class of inmate." *Valenta v. Ortiz*, 2020 WL 1814825, *1 (D.N.J. April 9, 2020). The CARES Act allows the BOP Director

to place an inmate in home confinement for the shorter of 10% of the term imprisonment of that prisoner or 6 months under 18 U.S.C. § 3624(c)(2).

To the extent the petition seeks modification of Holmes' sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1) because of COVID-19, Holmes should direct his request to the sentencing court in the Eastern District of New York.  Under the First Step Act of 2018, 132 Stat. 5194, Congress allowed federal inmates to seek compassionate release directly from the district court if the BOP denies, or fails to timely act on, an administrative request for the release.  *See* 18 U.S.C. § 3582(c)(1).  Eligible defendants may seek sentence reduction under that provision for "extraordinary and compelling reasons."  *Id.* § 3582(c)(1)(A).  Holmes does not indicate whether he filed an appeal from the Warden's denial of his request for compassionate release.

This court cannot grant release under § 3582(c)(1)(A). Such requests must be presented to the original sentencing court.  *Rodriguez-Aguirre v. Hudgins*, 739 F. App'x 489, 491 n.2 (10th Cir. 2018) ("[T]he district court lacked authority to entertain [petitioner's] request for relief under 18 U.S.C. § 3582(c)(1)(A) because he filed his request in the district in which he is currently confined rather than in the district that imposed his sentence."). "District courts have no authority to reduce a federal inmate's sentence

under 18 U.S.C. § 3582(c)(1)(A) pursuant to federal habeas proceeding under 28 U.S.C. § 2241." *Ray v. Finley*, No. 3:19-CV-0988, 2019 WL 5569616, at *4 (M.D. Pa. Oct. 29, 2019).

Accordingly,

1.    The petition for writ of habeas corpus is dismissed without prejudice; and

2.    The Clerk shall enter a separate order of dismissal.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE